IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| SAM CALLAS. | ) | Case No. 13-43900 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |

**FINAL ORDER AUTHORIZING USE OF PREPETITION COLLATERAL, INCLUDING CASH COLLATERAL, AND GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 362 AND 363**

Upon the motion (the "Motion"),[1] of the above-captioned debtor and debtor in possession ("***Debtor***"), pursuant to sections 361, 362 and 363 of title 11 of the United States Code ("***Bankruptcy Code***"), for the entry of an order authorizing the Debtor to use the prepetition collateral, including cash collateral, of BCL-Capital Funding LLC ("***Lender***") and providing adequate protection to Lender; the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, his estate, his creditors and other parties-in-interest; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore.

The Parties Stipulate As Follows:

1. Debtor and Lender are parties to that certain Loan and Security Agreement dated May 15, 2013 (the "***Loan Agreement***").

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

2. Pursuant to the Loan Agreement Lender made a loan to Debtor in the amount of $1,100,000 (the "*Loan*") as evidenced by that certain Draw Note dated May 15, 2013 (the "*Note*").

3. As collateral for the Loan, Debtor pledged his beneficial interest in two land trusts (the "*Trusts*") pursuant to a Collateral Assignment of Beneficial Interest dated as of May 15, 2013 (the "*CABI*"), and the Trusts provided mortgages and assignments of rents against two properties (the "*Properties*") pursuant to two Mortgages (the "*Mortgages*") and two Assignments of Rents (the "*Assignments*").

4. The Trusts' obligations under the Mortgages and Assignments were guaranteed by Debtor pursuant to that certain Continuing Unconditional Guaranty dated as of May 15, 2013 (the "*Guaranty*").

5. The Loan Agreement, Note, Mortgages, Assignments, CABI and Guaranty and all documents executed in connection therewith shall hereinafter be referred together as the "*Document.*"

6. The Lender's Cash Collateral, as that term is defined by the Bankruptcy Code (the "*Cash Collateral*"), includes but is not necessarily limited to: (a) all rents generated by the Properties; and (b) the Debtor's wife transferred $75,108.15 to the Debtor which was deposited into the Debtor In Possession account at Northern Trust Bank (the "DIP Account") and the remaining balance as of December 20, 2013 is $68,728.74 is in said DIP Account.

7. The Lender has valid and perfected liens in and upon all of the collateral granted to it under the Documents (the "*Prepetition Collateral*").

**IT IS HEREBY ORDERED THAT:**

26277-0005/LEGAL13689771.3

1. This Court has core jurisdiction over this bankruptcy case, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Notice of this Motion has been given to (a) the United States Trustee; (b) counsel to the Senior Lender; and (c) the Debtor's known unsecured creditors; and, under the circumstances, such notice constitutes due and sufficient notice thereof.

3. All objections to the entry of this order, if any, are resolved hereby or, to the extent not resolved, are overruled.

4. The Debtor is hereby authorized to use rents generated by the Property located in Evanston ("*Evanston*"), pursuant to sections 361, 362 and 363 of the Bankruptcy Code, to pay operating expenses of Evanston strictly in conformity with Exhibit 1 (the "*Budget*") and to make adequate protection payments to Lender.

5. As adequate protection, the Debtor shall (a) continue to at all times keep the Properties insured to the extent required under the Mortgages; and, (b) pay any and all post petition taxes, assessments and governmental charges with respect to the Properties. Lender's pre petition security interests and liens shall be valid, enforceable and perfected, without any further action by the Senior Lender or the necessity of any filing or execution of documents which might otherwise be required under non-bankruptcy law.

6. As further adequate protection, Debtor shall immediately transfer $68,720.00 from the DIP Account to Debtor's attorney's clients fund trust account (the "*Segregated Account*") and such funds shall remain there until further order of the Court except as otherwise agreed to by Lender and except as provided in the next two paragraphs.

26277-0005/LEGAL13689771.3

7. As further adequate protection, Debtor shall pay to Lender $10,387.30 per month in arrears ("**Adequate Protection Payments**") commencing on December 12, 2013 and the 12th of each month thereafter pending further order of Court. The application of these Adequate Protection Payments shall be reserved pending further order of Court or agreement of the Parties.

8. To the extent rents generated by Evanston are not sufficient to pay the Lender its monthly Adequate Protection Payment, the Debtor shall use the funds in the Segregated Account to make up any such shortfall.

9. As further adequate protection, the Debtor hereby grants to Lender valid, binding, enforceable and perfected replacement liens, mortgages and security interests in and to all of the Debtor's property and assets acquired after the Petition Date, of any kind or nature, whether real or personal, tangible or intangible, wherever located, but excluding all causes of action under Chapter 5 of the Bankruptcy Code, which such liens shall be senior to all other liens and encumbrances other than any valid mechanics or similar liens or other senior liens. The security interests and liens created herein and confirmed hereby shall be valid, enforceable and perfected without any further action by the Senior Lender or the necessity of any filing or execution of documents which might otherwise be required under non-bankruptcy law. Upon request by the Lender, however, the Debtor shall execute and deliver to Lender any financing statements or other documents as may be reasonably required by the Lender.

10. To the extent such adequate protection is insufficient to adequately protect the Lender's diminution in the value of the Lender's Prepetition Collateral, the Lender is hereby granted an administrative expense claim, and all other benefits and protections allowable under § 507(b), of the Bankruptcy Code.

26277-0005/LEGAL13689771.3

11. Nothing in this Order shall prejudice the rights of the Lender under the Bankruptcy Code and applicable non-bankruptcy law to (a) seek further adequate protection; (b) propose or solicit acceptances of a plan of reorganization or liquidation following termination of the Debtor's exclusivity periods; (c) object to or otherwise oppose any relief sought by any entity or party in this case; and (d) assert that the Debtor is obligated to pay to Lender the default rate of interest and any other charges, penalties and costs required to be paid under the Documents for the period commencing on the Petition Date and continuing until all such amounts due under the Documents and hereunder are paid in full. Nothing in this Order shall prejudice the rights of the Debtor to dispute any such arguments, actions, defenses, claims or otherwise.

12. This Order and the transactions contemplated hereby shall be without prejudice to any and all rights, remedies, claims and causes of action which the Lender has or may have against any party who may be liable with the Debtor and otherwise under the Documents or any part thereof. Nothing contained herein shall be deemed to be an admission, or constitute evidence, in connection with any matter or proceeding other than the enforcement of the terms of this Order, including, but not limited to, any subsequent motion or application for use of cash collateral or for approval of debtor in possession financing.

13. The adequate protection provided herein is not exclusive and is provided without prejudice to the Lender's rights regarding additional adequate protection.

14. Notwithstanding anything to the contrary contained herein, the Debtor's right to use the Cash Collateral shall expire on the earliest to occur of (the first such occurrence being hereinafter referred to as the "***Termination Event***"): (a) the entry by this Court of an order reversing, amending, supplementing, staying, vacating or otherwise modifying the terms of this

Order; (b) the conversion of the Debtor's bankruptcy case to a case under chapter 7 of the Bankruptcy Code; (c) the occurrence of the effective date or consummation of a plan of reorganization; (d) the appointment of a trustee or examiner or other representative with expanded powers for the Debtor; and (e) the breach of any of the Debtor's obligations under this Order. On and after the Termination Event, the Debtor shall immediately cease using any of the Cash Collateral; provided however, that the Debtor reserves the right to seek Court authorization to continue to use such Cash Collateral, and Lender reserves the right to oppose such relief.

_____
United States Bankruptcy Judge
1/16/14

26277-0005/LEGAL13689771.3

## **EXHIBIT 1- Budget**

| Item | Amount |
|---|---|
| **Rent Received** | $15,546.50 |
| | |
| EXPENSES | |
| Garbage | $80.00 |
| Janitorial Services | $478.20 |
| Landscaping/Snow Removal | $41.66 |
| Maintenance/Repairs | $1,200.00 |
| Security | $350.00 |
| Taxes | $2,905.00 |
| Utilities | $1,000.00 |
| | |
| | |
| **Total Expenses** | **$6,004.86** |
| | |
| | |
| | |

\* This budget applies solely to Evanston.

\*\* Debtor shall be permitted to exceed the amounts stated above by up to 10% per item and by up to 10% in the aggregate without consent of the Lender. Any amounts Debtor proposes to pay in excess of such amounts and any additional expenses Debtor proposes to pay may only be paid pursuant to Lender's written agreement to amend the Budget or further order of the Court.

\*\*\* In addition to the items above, Debtor will make a one-time payment to CTLTC in the amount of $1,350.00