UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | ) | No. 13-43900 |
|---|---|---|
| | ) | |
| SAM CALLAS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |

**COVER SHEET FOR FINAL APPLICATION FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
FIGLIULO & SILVERMAN, P.C. AS TRUSTEE'S COUNSEL**
(Local Rule 5082-1(A))

| Name of Applicant: | Figliulo & Silverman, P.C. |
|---|---|
| Authorized to Provide Professional Services to: | Michael K. Desmond, not individually but as Chapter 7 Trustee for the Estate of Sam Callas |
| Date of Order Authorizing Employment: | November 12, 2014 [Dkt. 95] |
| Period of Which Compensation is Sought: | August 1, 2017 through October 13, 2017 (allowance and payment) |
| Amount of Fees Sought: | $3,425.00 |
| Amount of Expenses Sought: | $7.37 |

This is a(n):   Interim Application: _____   Final Application:   x _____

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 7/31/2017 | 11/4/2014-7/31/2017 | $78,772.42 | $78,772.42 | $78,772.42 |

Dated: November 17, 2017

Respectfully submitted,

**FIGLIULO & SILVERMAN, P.C.**

By: /s/ *Michael K. Desmond*

Michael K. Desmond (IL #6208809)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street, Suite 3600
Chicago, Illinois 60603   (312) 251-4600

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 13-43900 |
| | ) | |
| SAM CALLAS, | ) | Chapter 7 |
| | ) | |
|       Debtor. | ) | Honorable Janet S. Baer |
| | ) | |

**FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF**
<u>**FIGLIULO & SILVERMAN, P.C., AS TRUSTEE'S COUNSEL**</u>

Michael K. Desmond and the law firm of Figliulo & Silverman, P.C., collectively ("F&S"), counsel to Michael K. Desmond, not individually but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate ( the "Estate") of Sam Callas (the "Debtor"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order allowing and paying its final application for an award of compensation and reimbursement of expenses in the above-captioned case (the "Application").

In its final Application, F&S requests allowance and payment of final compensation of $3,425.00 for 10.7 hours of legal services rendered to the Trustee during the period August 1, 2017 through October 13, 2017 (the "Application Period"). In addition, F&S seeks reimbursement of expenses in the amount of $7.37. Finally, F&S seeks final allowance and fees and costs previously awarded to F&S. In support of its Application, F&S states as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3. The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## INTRODUCTION

4. On November 12, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), Eastern Division (the "Case").

5. On September 23, 2014, the United States Trustee filed his Motion to Convert the Chapter 11 Case to a Chapter 7 Case or dismiss the Case. On November 4, 2014, the Bankruptcy Court entered an order converting the Case to a Chapter 7 proceeding.

6. On November 4, 2014, Michael K. Desmond became the duly appointed and qualified Chapter 7 Trustee ("Trustee").

7. On December 17, 2014, the Trustee conducted a meeting of creditors in this case pursuant to Section 341 of the Bankruptcy Code (the "341 Meeting"). Following the 341 meeting, the Trustee filed an initial report of assets.

8. On November 12, 2014, this Court entered an order authorizing the employment of F&S as counsel to the Trustee in connection with the Chapter 7 case to assist the Trustee in carrying out his duties in the Chapter 7 bankruptcy case, retroactive to November 4, 2014. [*Dkt. No.* 95].

## BACKGROUND

9. As of the Petition Date, the Debtor owned a commercial property commonly known as 1901-1911 Howard Street, Evanston, Illinois (the "Evanston Property").

10. Prior to the Petition Date, the Debtor entered into a 5-year lease with the Department of Veterans Affairs (the "VA"), for approximately 4,500 square-feet of office space in the Evanston Property (the "Lease").

11. The Lease provided that the VA would pay the cost of the build-out for the Evanston Property totaling $566,386.00 of which approximately $280,000.00 was paid in one lump sum and the balance would be amortized in the first five years rental rate in the lease.

12. On October 24, 2013, the Debtor received an initial lump sum payment from the VA in the amount of $266,000.00 (the "VA Funds").

13. On October 24, 2013, $265,000.00 of the VA Funds were transferred from the Debtor's account to his wife's bank account and were used to pay personal bills of the Debtor and his wife ("Katina Callas").

## LEGAL SERVICES PERFORMED BY F&S

14. Legal services performed by F&S during the Application Period consisted primarily of challenging the Chapter 11 Administrative Claim asserted by BCL Capital and objecting to claims. By this Application, F&S seeks allowance and payment of final compensation of $3,425.00 for 10.7 hours of legal services rendered to the Trustee during the Application Period.

15. In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair reasonable.

16. Pursuant to Local Rule 5082-1(C), F&S has attached hereto as **Exhibit A** its detailed time records setting forth the date the work was performed, the attorney performing the

work, a brief statement of the nature of the work, and the time expended and fee charged for the work described in the entry.

17. Accordingly, pursuant to Local Rule 5082-1(B)(2), F&S seeks the allowance and payment of compensation of $3,425.00 for the legal services rendered to the Trustee during the Application Period.

18. On September 12, 2017, this Court entered an order granting the First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses of F&S (the "First Application"), allowing payment of $77,087.50 in attorneys' fees and $1,684.92 in expenses to F&S for legal services rendered to the Trustee. [*Docket No. 170*].

## NARRATIVE SUMMARY
*(LOCAL RULE 5082-1(B))*

19. Local Rule 5082-1(B)(1)(a) – During the Application Period, F&S performed a variety of services on the Trustee's behalf, which have been categorized into principal activities. A summary list of these principal activities and the total compensation requested in connection with each is as follows:

| Task | Hours | Fees |
|---|---|---|
| BCL Capital Administrative Claim | 4.0 | $1,437.50 |
| Objections to Claims | 4.7 | $1,237.50 |
| Preparation of Fee Application | 2.0 | $750.00 |
| Total | 10.7 | $3,425.00 |

20. Local Rule 5082-1(B)(1)(b) – Narrative summaries of F&S's principal activities follow, including details as to individual tasks performed within each activity:

4

 (a) <u>BCL Capital Administrative Claim</u> - The services under this task consisted of reviewing BCL's motion for administrative claim, researching same and negotiating with BCL's counsel regarding the motion. In addition, F&S appeared before the bankruptcy court at various status hearings. In connection with these services, F&S expended 4.0 hours and incurred $1,437.50 in fees during the Application Period.

 (b) <u>Objections to Claims</u> - The services under this task consisted of drafting objections to claims of Beverly Asphalt and Spiros Stamelos and court appearances regarding same. F&S also objected to claims of CHS Care and Suk S. Lee MD which were filed in the wrong case. In connection with these services, F&S expended 4.7 hours and incurred $1,237.50 in fees during the Application Period.

 (c) <u>Application for Compensation</u> – The services under this task consisted of reviewing and sorting time detail and preparation of this Final Application and exhibits. Services also included court appearances with respect to F&S's first interim application for compensation. In connection with these services, F&S expended 1.5 hours and incurred $750.00 in fees during the Application Period.

21. <u>Local Rule 5082-1(B)(1)(c)</u> – By this Application, F&S seeks compensation of $3562.50 for 1.5 hours of legal services in connection with the preparation of this Application.

22. <u>Local Rule 5082-1(B)(1)(d)</u> – A chart listing the name and position of each person with F&S who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work is attached as **Exhibit B**.

23. <u>Local Rule 5082-1(B)(1)(e)</u> – The chart attached as **Exhibit C** also sets forth the hourly rate for each professional and paraprofessional for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each.

24. <u>Local Rule 5082-1(B)(1)(f)</u> – This is the Final Application filed by F&S for compensation and reimbursement of expenses.

25. <u>Local Rule 5082-1(B)(1)(g)</u> – F&S seeks the reimbursement of actual, necessary out of pocket expenses totaling $7.37. Invoices evidencing these expenses are attached hereto as **Exhibit D**.

26. All of the expenses for which F&S seeks reimbursement were actually incurred by F&S, were necessary for the proper representation of the Trustee in this case, and were specifically allocated to the Trustee's case. None of the expenses represents general overhead or other expenses unrelated to this case.

27. <u>Local Rule 5082-1(B)(2)</u> – F&S seeks the allowance and payment of compensation of $3,425.00 for 10.7 hours of legal services rendered to the Debtor and reimbursement of expenses of $7.37 incurred in connection with those services during the Application Period.

## DETAILED STATEMENT OF SERVICES
### *(LOCAL RULE 5082-1(C))*

28. The Bankruptcy Rules require "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R. Bankr. P. 2016(a). Such statement must be divided by task and activity to match those set forth in the narrative description. Each time entry must state: (1) the date the work was performed, (2) the name of the person performing the work, (3) a brief statement of the nature of the work, (4) the time expended on the work in increments of tenth of an hour, and (5) the fee charged for the work described in the entry." Local R. 5082-1(C).

29. The time detail attached as **Exhibit A** comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), because all time is divided by tasks and activities that match the narrative descriptions in this Application, and all time entries state the date of the work, name of person performing the work, a brief description of the nature of the

work, the time expended on the work in increments of tenth of an hour, and the fee charged for the work described.

### BASIS FOR RELIEF

30. Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Application Period were required for the proper representation of the Trustee in this bankruptcy case.

31. The compensation sought by F&S in this Application is for ordinary and necessary services rendered to the Trustee, and the fees sought are reasonable.

32. In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount for sought for payment in this Application is fair and reasonable.

33. F&S prepared this Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the estate, F&S is also entitled to receive compensation for the preparation of this Application. *Pettibone*, 74 B.R. at 304.

34. Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306. F&S has at all times acted specifically in the best interests of the Estate. All services performed by F&S and all expenses incurred were reasonable and necessary and for the benefit of the Debtor's bankruptcy estate.

35. F&S has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by F&S for services rendered to the Trustee in this case.

## NOTICE

36. F&S has provided at least twenty-one days' notice of this Application to all parties registered with CM/ECF in this case, including Debtor, Debtor's counsel, and the Office of the United States Trustee. In addition, F&S has served notice of this Application by first class U.S. mail on all creditors who have filed claims in this case.

WHEREFORE, Figliulo & Silverman, P.C. respectfully requests that this Court enter an order:

(a) Granting the relief requested in this Application;

(b) Allowing F&S final compensation in the amount of $3,425.00 for the legal services to the Trustee between August 1, 2017 through October 13, 2017 ;

(c) Allowing F&S reimbursement of expenses in the amount of $7.37;

(d) Authorizing and directing the Trustee to pay to F&S $3,425.00 as compensation for the legal services rendered to the Trustee, and reimbursement of expenses in the amount of $ between August 1, 2017 through October 13, 2017;

(e) Granting final approval to all compensation previously awarded to F&S in the amount of $77,087.50 in attorney's fees and reimbursement of actual and necessary expenses in the amount of $1,684.92 [*Dkt. No. 170*]; and

(f) Granting such other relief as this Court deems necessary or appropriate.

Dated: November 17, 2017                    Respectfully submitted,

**FIGLIULO & SILVERMAN, P.C.**

By: /s/ *Michael K. Desmond*

Michael K. Desmond (IL #6208809)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street, Suite 3600
Chicago, Illinois 60603  (312) 251-4600

## CERTIFICATE OF SERVICE

The undersigned attorney states that on November 17, 2017 copy of the attached

**FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FIGLIULO & SILVERMAN, P.C.**

will be served on all counsel listed below in accordance with the General Order on Electronic Case Filing and subject to the provisions of Fed. R. Civ. P. 5(b)(3), the Notice of Electronic Filing that is issued through the court's Electronic Case Filing System will constitute service under Fed. R. Civ. P. 5(b)(2)(D) and Fed. R. Crim. P. 49(b) as to all Filing Users in a case assigned to the court's Electronic Case Filing System.

And I hereby further certify that on November 17, 2017, I mailed by first class U.S. mail the **Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Figliulo & Silverman, P.C.** upon the parties listed on the Manual Service List below which includes all creditors who filed claims, by depositing same in the U.S. Mail before 5:00 p.m., proper poste prepaid.

/s/ *Michael K. Desmond*

## Mailing Information for Case 13-43900 [current as of 11-17-17]

## Electronic Mail Notice List

- Leonard S. Becker    lenbecker@sbcglobal.net
- Jamie L Burns    jburns@lplegal.com, rwilliamson@lplegal.com;ikropiewnicka@lplegal.com
- Monette W Cope    ecfnil@weltman.com
- Denise A Delaurent    USTPRegion11.es.ecf@usdoj.gov, Denise.DeLaurent@usdoj.gov;maria.r.kaplan@usdoj.gov
- Michael K Desmond    mkd.trustee@fslegal.com, IL23@ecfcbis.com
- Michael K Desmond    mdesmond@fslegal.com, dorisbay@fslegal.com
- Marc Ira Fenton    mfenton@lplegal.com, skiolbasa@lplegal.com;ikropiewnicka@lplegal.com
- Bradley H Foreman    Brad@BradleyForeman.com
- David L Freidberg    dfreidberg@freidberglaw.com
- Jonathan P Friedland    jfriedland@sfgh.com, bkdocket@sfgh.com
- Casey B Hicks    chicks@weltman.com, ecfnil@weltman.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Lindsey L Purdy    lpurdy@fslegal.com
- Christina M Riepel    gstern2@flash.net
- William S Schwartz    wschwartz@lplegal.com
- Laurie A. Silvestri    las.lawoffices@gmail.com
- Gregory K Stern    gstern1@flash.net, steve_horvath@ilnb.uscourts.gov

## Manual Notice List

| | |
|---|---|
| Sam Callas<br>6657 North Keating<br>Lincolnwood, IL 60712<br>(Debtor) | Richard Rymek<br>5154 S.Kildare<br>Chicago, IL 60632<br>(Broker) |
| Discover Bank<br>DB Servicing Corporation<br>P.O. Box 3025<br>New Albany, OH 43054-3025<br>Claimant #1 | Beverly Asphalt Paving Company<br>c/o Laurie A. Silvestri<br>70 W. Madison St., Suite 1515<br>Chicago, IL 60602<br>Claimant #2 |
| American Express Centurion Bank<br>c/o Becket and Lee LLP<br>P.O. Box 3001<br>Malvern, PA 19355-0701<br>Claimant #3 | BCL-CAPITAL FUNDING, LLC<br>C/O Marc Fenton<br>Levenfeld Pearlstein, LLC<br>2 North LaSalle Street, Suite 1300<br>Chicago, IL 60602<br>Claimant #6 |
| Gregory K. Stern<br>53 W. Jackson Blvd, Suite 1442<br>Chicago, IL 60604<br>Claimant # 7 | Spiros Stamelos<br>35 Bridlewood Rd.<br>Northbrook, IL 60062<br>Claimant #8 |
| Office of the U.S. Trustee<br>219 S. Dearborn St., Room 873<br>Chicago, IL 60606<br>Claimant #9 | |